### EX PARTE WILLIAM COOK.

1. RIGHT OF BAIL.—Under the state Constitution of 1876, all prisoners are·
bailable by sufficient sureties, "unless for capital offenses when the proof
is evident."

2. SAME.—Being in custody under an indictment for murder, the appellant.
applied by *habeas corpus*, to the district court, for the privilege of bail, and
from its judgment refusing it appeals to this court; which, while it
declines to discuss the evidence brought up in the record, considers its
sufficiency to make a case in which the "proof is evident" that the appel-
lant is guilty of murder in the first degree; and, determining that it does.
not make such a case, reverses the judgment of the district court, and.
orders bail to be allowed in a specified sum.

APPEAL from the District Court of Wise. Tried below
before the Hon. J. A. CARROLL.

*Watts, Lanham & Roach,* for the appellant, filed an able·
brief.

*George McCormick,* Assistant Attorney General, for the·
State.

ECTOR, P. J. Appellant was indicted, with William Rich--
ards and William Arp, in the district court of Wise county,.

for the murder of Lock Malone, and, having been brought before said district court upon a writ of *habeas corpus*, and the evidence having been heard, it was decided that he was not entitled to bail, and from that decision an appeal was taken to this court.

Article 1, section 11, of the Constitution of the state of Texas is as follows: " All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found, upon examination of the evidence in such manner as may be prescribed by law."

The amendment to the Code established degrees in murder, by the following provisions, to wit:

" Art. 608. All murder committed by poison, starving, torture, or with express malice, or committed in the perpetration, or in the attempt at the perpetration, of arson, rape, robbery, or burglary, is murder in the first degree, and all murder not of the first degree is murder of the second degree.

" Art. 612 *a*. The punishment of murder in the first degree shall be death, and the punishment of murder in the second degree shall be confinement in the penitentiary for not less than five years."

It is not our custom to discuss the facts in the record to sustain the decision in granting or refusing bail. Such a discussion might have an undue influence with the jury on a final trial of the cause. It is not evident to our minds, from the facts in the record, that the appellant is guilty of murder in the first degree, and, therefore, he is entitled to bail.

Because the district court refused to admit appellant to bail, upon sufficient sureties, the judgment is reversed, and it is ordered that he, the said William Cook, be admitted to bail in the sum of $3,000.

*Ordered accordingly.*